# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRESH ENTERPRISES, LLC, | |
| Plaintiff, | Case No. 2:13-CV-2267-KJD-VCF |
| v. | **ORDER** |
| WEINGARTEN MAYA TROPICANA VENTURE, *et al*., | |
| Defendants. | |

Before the Court is Defendant Weingarten Maya Tropicana Venture's ("Defendants") Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (#5). Plaintiff Fresh Enterprises, LLC ("Plaintiff") responded (#8), and Defendant replied (#12).

I. Factual Background

The following facts are undisputed. Defendants leased Plaintiff the premises located at 4835 S. Fort Apache Road, Las Vegas, Nevada 89147. The lease was executed on February 12, 2003. If Plaintiff desired to extend the lease, it was permitted to do so under the terms of the lease. The lease required exercise of the option to extend to follow various requirements including that the Plaintiff give notice to Defendants at least 180 days prior to the end of the Lease's "Primary" term. The lease explicitly provides that time is of the essence in exercising the option to extend, and that a failure to

exercise the option in a timely manner will cause the option to lapse and "be of no further force or effect." (#5, Ex. A at 52). Plaintiff gave notice two weeks late. It is also undisputed that Defendant did not own the property at 5260 S. Fort Apache Road during the period of the lease.

II. Legal Standard

Federal Rule of Civil Procedure 41(b) states that if a plaintiff "fails to . . . comply with these rules . . . a defendant may move to dismiss the action or any claim against it." When a motion to dismiss is made under Rule 12(b)(6), the Court must construe the facts in the light most favorable to the non-moving party. Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). "To survive [the motion], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Ashcroft v. Iqbal requires a two-prong analysis of the complaint when considering a motion to dismiss. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. Plausibility, in the context of a motion to dismiss, means that a plaintiff has pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. If the allegations state non-conclusory, plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

Plaintiff brings two claims. The Court will address each in turn.

A. Breach of Contract in Leasing the Property at 5260 S. Fort Apache Road.

In its complaint, Plaintiff alleges that Defendant breached the lease by leasing a neighboring property to Plaintiff's competitor, El Pollo Loco. However, Plaintiff failed to respond in any way to Defendants' motion to dismiss on this ground. Accordingly it appears that Plaintiff has waived this

claim. Nevertheless, the Court takes judicial notice of Defendants' exhibit B-4,[1] which details that the relevant property was not owned by Defendants prior to the execution of lease. There is no contention that Defendant acquired the property after the lease was executed. Thus, there appears to be no factual basis for Plaintiff's claim on this ground.

### B. Extension of the Lease Via Equity

Plaintiff admits that it gave notice of intent to exercise the option to extend two weeks late (#8 at 1-2). However, Plaintiff asks this Court to avoid the general rule in Nevada that "[t]he right to renew is lost if notice is not given as required by the lease." Benetti v. Kishner, 558 P.2d 537, 538 (1977). Plaintiff does so by claiming "special circumstances" which "may warrant equitable relief and thus preclude forfeiture of the tenant's right to renew. Benetti, 558 P.2d at 538. However, Plaintiff has failed to allege any "special circumstances" which might justify equitable relief. Further, even if the Court were to balance the equities, it is Defendants, not Plaintiff, which is deserving of relief.

To be clear, two sophisticated businesses entered a lease agreement which contained an unambiguous provision for extension of the lease so long as various requirements were met. That lease also unambiguously detailed that failure to extend as required under the lease would terminate the option and make it of no further effect. Plaintiff failed to comply with various requirements for extension, not least of which was the time requirement. Accordingly, the option expired and Defendants entered a contract to lease the premises to a new tenant. Plaintiff fails to make any allegation whatever that Defendants are somehow responsible for Plaintiff's current situation. Plaintiff further fails to point to any case law which suggests that the Court should employ equity here. Rather, Plaintiff asserts and re-asserts that it is 1) paying the market rate for rent, 2) Defendants would not be prejudiced by allowing Plaintiff to extend the lease. As to the first assertion, the Court

---

[1] The exhibit has been recorded in Clark County, thus satisfying Federal Rule of Evidence 201(b). Taking judicial notice of documents under Federal Rule of Evidence 201(b)(1) does not convert this Motion to Dismiss into a motion for summary judgment. See Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001).

notes that this simply means that Plaintiff should not be any worse off in finding a new location. As to the second assertion, using equity to force Defendants to breach contract with the new tenant would be dramatically inequitable, and the Court declines to do so.

IV. Conclusion

For the above reasons, the Court **HEREBY GRANTS** Defendants' Motion to Dismiss (#5). The Court **FURTHER DENIES** Defendants' Emergency Motion for Hearing (#17) as moot.

DATED this 25th day of March 2014.

_____
Kent J. Dawson
United States District Judge