1          UNITED STATES DISTRICT COURT

2              DISTRICT OF NEVADA

3                      * * *

4   FRESH ENTERPRISES, LLC,                    Case No. 2:13-CV-2267-KJD-VCF

5                          Plaintiff,

6      v.                                              **ORDER**

7   WEINGARTEN MAYA TROPICANA
    VENTURE, A JOINT VENTURE;
8   WEINGARTEN MAYA TROPICANA, LLC, A
    LIMITED LIABILITY COMPANY
9
                           Defendants.
10

11          Before the Court is Defendants' Motion for Attorney's Fees and Costs (#21). Plaintiff

12   opposed (#25) on the sole ground that this litigation is barred by a pre-existing stay. Defendants

13   replied (#26).

14   **I. Background**

15          Defendants filed a motion to dismiss or alternatively a motion for summary judgment,

16   which was fully briefed and subsequently disposed of by this Court's prior order (#18). The

17   Court found that there was "no factual basis for Plaintiff's claim" regarding breach of the lease

18   (#18 at 3). The Court further found that Plaintiff failed to support any claim for equitable relief,

19   noting that even if equitable principles could properly be applied, equity favored Defendants and

20   not Plaintiff (#18 at 3). While the Court contemplated sanctions against Plaintiff for engaging in

21   frivolous litigation, the Court gave Plaintiff the benefit of the doubt and withheld. The Court was

22   in error.

23          The contract underlying this matter provides that if the parties engage in litigation,

24   reasonable fees will be awarded against the losing party. However, the Court was appalled when

25   Plaintiff opposed the motion for fees and costs by raising a stay that Plaintiff had failed to

26

1    disclose to the Court. The stay was entered in February of 2012[1] by a U.S. District Court Judge

2    for the District of Connecticut, the Honorable Vanessa L. Bryant (#25, Ex. A). The stay enjoins

3    all parties and prospective parties from "taking any action" or "commencing or continuing any

4    legal proceeding of any nature" involving the assets at issue here without an order from the

5    issuing court (#25, Ex. A, ¶ 7). It further declares "all courts having any jurisdiction" over such

6    proceedings "are enjoined from taking or permitting any action in such proceedings" pending an

7    order from the issuing court (#25, Ex. A, ¶ 8).

8    **II. Analysis**

9         Accordingly, the Court finds that the parties are enjoined from continuing this

10   proceeding, and the Court is enjoined from permitting the present action until further order from

11   the court that issued the stay. The Court notes that it is also enjoined from taking any action in

12   this matter by the same stay. However, Plaintiff blatantly violated the stay to bring frivolous

13   claims before this Court, and now seeks to hide behind the very order it flouted. It is the Court's

14   hope that our sister court in Connecticut will not permit Plaintiff to engage in such behavior with

15   impunity.

16   **III. Conclusion**

17        This matter is **HEREBY STAYED** until a relevant order issues from our sister court in

18   Connecticut permitting this matter to proceed. The parties are to inform the Court promptly upon

19   the issuance of such an order.

20

21        DATED this 8th day of July 2014.

22

23

24                                                          Kent J. Dawson
                                                            United States District Judge
25

26

_____

[1] This case was brought before the Court in December of 2013, nearly two years after entry of the stay.

2